```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PARRISH LEE,                                :

                Plaintiff,                  :   REPORT AND RECOMMENDATION

        -against-                           :   05 Civ. 3400 (GEL)(KNF)

PRESTIGE REALTY ASSOCIATES, LP, and         :
PRESTIGE MANAGEMENT, LLC,
                                            :
                Defendants.
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/11/06

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE GERARD E. LYNCH, UNITED STATES DISTRICT JUDGE

On March 30, 2005, Parrish Lee ("Lee") commenced this action *pro se*, by filing a complaint with the Clerk of Court. The docket sheet maintained by the Clerk of Court for this action indicates that copies of the summons and complaint were served upon the defendants. However, the docket sheet indicates that the defendants have failed to interpose an answer to the complaint or to move with respect to that pleading; moreover, the time for doing so has elapsed.

On October 6, 2005, the Court directed the plaintiff to advise the Court of the jurisdictional grounds under which the action was brought, as required by Rule 8(a) of the Federal Rules of Civil Procedure, and the status of this action. Later, on March 16, 2006, the Court directed Lee to review Fed. R. Civ. P. 55 and Fed. R. Civ. P. 41, since the defendants had not answered or moved with respect to the complaint and, thereafter, on or before April 12, 2006, make such application to the court as he deemed appropriate. A review of the docket sheet maintained by the Clerk of Court for this action indicates that Lee has not taken any action in

-1-

response to either the October 6, 2005 Order or the March 16, 2006 Order.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes a district court to dismiss a plaintiff's action for failure to prosecute the action or for failure to comply with an order of the court. See LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001); Lucas v. Miles, 84 F.3d 532, 534-35 (2d Cir. 1996). In the instant action, the plaintiff has failed to comply with two court orders and has not taken any steps to prosecute the action, after serving the defendants with the summons and complaint. In light of the above, this action should be dismissed, pursuant to Fed. R. Civ. P. 41(b).

## RECOMMENDATION

For the reasons set forth above, I recommend that the instant action be dismissed.

## V. FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Gerard E. Lynch, 500 Pearl Street, Room 910, New York, New York 10007, and to the chambers of the undersigned, 40 Centre Street, Room 540, New York, New York 10007. Any requests for an extension of time for filing objections must be directed to Judge Lynch. FAILURE TO FILE OBJECTIONS WITHIN TEN (10) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. See Thomas v. Arn, 474 U.S. 140 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298,

300 (2d Cir. 1992); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated: New York, New York
      August 9, 2006

Respectfully Submitted,

_/Kevin Nathaniel H/_
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

Copy sent via mail to:
Parrish Lee